IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYE MYRETTE-CROSLEY,<br><br>        Plaintiff,<br><br>   v.<br><br>CLARION MORTGAGE CAPITAL, INC., et al.,<br><br>        Defendants.<br>_____/ | No. C 10-03523 CW<br><br>CASE MANAGEMENT ORDER |

On November 12, 2010, the Court stayed this action for ninety days, pursuant to an unopposed motion by the Federal Deposit Insurance Corporation (FDIC). On March 23, 2011, Plaintiff Faye Myrette-Crosley dismissed without prejudice her claims against Defendant Federal Home Loan Mortgage Corporation.[1] On March 24, 2011, Plaintiff and the FDIC filed a stipulation dismissing without prejudice her claims against Defendant IndyMac Federal Bank, F.S.B, and the FDIC. Following these dismissals, the remaining Defendants are Clarion Mortgage Capital, Inc.; Mortgage Electronic Registration Systems, Inc. (MERS); MTC Financial, doing business as Trustee Corps; and OneWest Bank, F.S.B.

On March 24, 2011, Plaintiff asked the Clerk to enter default

---

[1] The Federal Home Loan Mortgage Corporation is also known as "Freddie Mac."

against OneWest, offering an affidavit showing that it was served on July 8, 2010. The Clerk entered default against OneWest on March 25, 2011.

On March 29, 2011, Plaintiff submitted a notice that she has filed for bankruptcy under Chapter 13 of Title 11 of the United States Code. She asserts that all proceedings against her are stayed pending the resolution of her bankruptcy petition. However, because this is not action or proceeding against Plaintiff, the automatic stay provision of 11 U.S.C. § 362(a) does not apply to this case. If Plaintiff seeks to stay her case and has good cause to do so, she may file a motion seeking such relief.

It does not appear that Clarion, MERS or MTC Financial have been served. Within three days of the date of this Order, Plaintiff shall file proof that she served these Defendants within the period allotted under Federal Rule of Civil Procedure 4(m). In the alternative, she may move to extend time to serve these Defendants, so long as she can support such a request with good cause.

Plaintiff's failure to comply with this Order will result in the dismissal of her claims against Clarion, MERS and MTC Financial.

IT IS SO ORDERED.

Dated: 4/19/2011

CLAUDIA WILKEN
United States District Judge

2